### WERNER et ux. v. MAYFIELD CO.
### (No. 2627.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 19, 1923. Rehearing Denied March 8, 1923.)

Tenancy in common &⇒54—Owner of undivided interest in property leased by co-owner held estopped to assert that payments of rent to co-owner were unauthorized.

The owner of an undivided one-half interest in a building leased it, and for a time applied the rent to the balance of the purchase price which[1] he and plaintiffs owed jointly. Plaintiffs, who owned the other undivided one-half interest, supposed that the building had been leased by a brother of one of them, and that all the rents were applied on the purchase price. The co-owner ceased to make payments on the indebtedness, and kept the entire rents, and plaintiffs brought suit against the lessee to recover their share thereof, which had been paid to such other co-owner. Held, that plaintiffs, having ratified the lease, and acquiesced in the application of the rents to the payment of the purchase money, were estopped to assert that they did not know that their co-owner was the person who assumed to act for them, and to assert that payments from defendant to such person were unauthorized.

Appeal from District Court, Titus County; W. T. Wilkinson, Judge.

Action by C. Werner and wife against the Mayfield Company. Judgment for defendant and plaintiffs appeal. Affirmed.

This suit by appellants, as plaintiffs, was to recover rents which they claimed appellee owed them for the use of a storehouse in Mt. Pleasant. It appears from the record that appellants owned an undivided one-half interest in the property, and that one Lazarus owned the other undivided one-half. September 1, 1918, Lazarus by a contract in writing leased the lower story of the building to appellee for a term of two years. Appellee was to pay $75 a month as rent, and, if it used the upper story of the building (and it did) was to pay $25 a month for such use. By the terms of the lease appellee had a right at the expiration thereof, if it so desired, to have it renewed for another two year. At the time the lease was made appellants and Lazarus owed one Johnson for a part of the purchase money of the property, which was payable in installments of $100 a month, and which was secured by a vendor's lien on the property. Appellee paid the rents to Lazarus as agreed upon until about October 1, 1920, when it was notified by appellants not to pay him their part thereof. Thereafter appellee paid one-half the amounts of the rents to appellants. From the date of the contract to about September 1, 1919, Lazarus applied the money paid to him by appellee as rents to the payment of the purchase money referred to. Thereafter to said October 1, 1920, appellee continued to pay the rents, amounting during that time to $1,300, to Lazarus, who failed to account to appellants for their part thereof. At the time Lazarus leased the property to appellee it did not actually know that appellants owned an interest therein, but it was chargeable with notice of the fact by instruments of record in the county where the property was situated. Appellants knew that appellee had leased the property, and knew that rents paid by appellee were used to pay the unpaid purchase money referred to; but they did not authorize Lazarus to act for them in renting the property, did not know he had done so, and did not know that appellee was paying the entire rent to him until about October, 1920. They lived in Colorado during the time, and until about October 1, 1920, thought one Liliestern, Mrs. Werner's brother, had acted for them in leasing the property, was collecting their part of the rent, and was applying same to the payment of said purchase money.

The trial court found as a fact that appellants ratified the lease by Lazarus to appellee, "knowing its material parts," and on that ground, and on the ground that appellee, in the absence of notice from appellants not to do so, had a right to pay the entire rent to Lazarus, denied appellants the relief they sought.

J. M. Burford, of Dallas, for appellants.
Simpson, Lasseter & Simpson, of Tyler, for appellee.

WILLSON, C. J. (after stating the facts as above). The appellants insist the finding that they ratified the act of Lazarus in leasing the storehouse was not supported by testimony. It appeared they knew appellee had leased the property from some one who assumed to act for them, knew the amount appellee was to pay as rents therefor, knew the rents were to be paid monthly, knew they were so paid, and knew from September, 1918, to at least as late as October, 1919, that the payments were being used to pay purchase money they jointly with Lazarus owed on the property. But, they say, the finding

was nevertheless not warranted because it appeared they did not know (1) that appellee's contract was with Lazarus on their behalf as well as his own, and (2) that their part of the rents was being paid to him. They thought, they testified, until about October, 1920, that their part of the rents was being paid to one Lilienstern, and that he was applying same on the indebtedness referred to. We do not think appellants should be heard to make such a contention as against appellee. They were in the attitude as to it of having ratified the lease, without respect to who it was that made it on their behalf, and we think were estopped from asserting as against appellee that they did not know that Lazarus was the person who assumed to act for them in making it, and from asserting that payments by appellee of their part of the rents to Lazarus were unauthorized. By acquiescing in the application of their part of the rents to the payment of purchase money they owed on the property, they in effect, month after month for more than 12 months, assured appellee that the person who assumed to act for them in leasing the property and receiving the rents was authorized to do so. 10 R. C. L. 694; 21 C. J. 1216.

There is no error in the judgment, and it is affirmed.